UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL RICE, <br><br> Plaintiff, <br> v. <br> HAROLD WICKHAM, *et al.*, <br><br> Defendants. | Case No. 3:19-cv-00581-ART-CLB <br><br> ORDER |

*Pro se* Plaintiff Michael Rice ("Rice") brings this action under 42 U.S.C. § 1983 and Article 1, Section 6 of the Nevada State Constitution. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 41), recommending Defendants' motion for summary judgment, (ECF No. 29), be granted, and that the Clerk enter judgment in favor of Defendants and close this case. Plaintiff had until July 7, 2022, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that

the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Magistrate Judge Baldwin did not clearly err. Here, Magistrate Judge Baldwin recommends Defendants' motion for summary judgment, (ECF No. 29), be granted, and that the Clerk enter judgment in favor of Defendants and close this case. As Magistrate Judge Baldwin notes, Rice alleges that Defendants were constitutionally responsible for providing adequate medical care for his Hepatitis-C infection, had actual knowledge he was suffering from "extrahepatic" manifestations for the infection, and were recklessly and deliberately delayed in providing him with proper treatment for his condition to save money.

Judge Baldwin reviewed authenticated and undisputed evidence detailing Rice's medical treatment, demonstrating he was enrolled in NDOC's Chronic Care Clinic ("CCC") for monitoring of his Hepatitis-C in November 2018 and received routine care through the CCC for his Hepatitis-C. Rice filed grievances in 2019 to receive received DAA treatment but at that time he did not qualify because he did not meet criteria. Rice ultimately did receive DAA treatment on August 18, 2021. Following that treatment his infection was no longer detected.

On February 28, 2022, Defendants filed a motion for summary judgment arguing: (1) Defendants were not deliberately indifferent to Rice's serious medical needs; (2) Rice was not harmed by any alleged delay in treatment; (3) Minev had no personal participation in the alleged constitutional violations; and (4) alternatively, Defendants are entitled to qualified immunity. (ECF No. 29.) Rice opposed the motion, and Defendants replied. (ECF Nos. 37, 39.)

The parties agreed that Rice's Hepatitis-C infection constituted a serious medical need, but Defendants argued that they were not deliberately indifferent to that need. Based on the evidence presented to Judge Baldwin, Judge Baldwin

found that Defendants affirmatively monitored and ultimately treated Rice's Hepatitis-C. Judge Baldwin rejected Rice's argument that Defendants were deliberately indifferent to Rice because the delay in treatment caused permanent scarring to Rice's liver, i.e., fibrosis. She found that Rice did not provide evidence or support for his assertion that a delay in treatment for his Hepatitis-C was the cause of fibrosis or that the sole purpose of alleged delay in treatment was to save money on medical costs. The evidence before Judge Baldwin reviewed shows Rice was treated for his Hepatitis-C through monitoring and other actions and there is no evidence that his Hepatitis-C or any delay in providing treatment was the cause of any damage, or that any such delay was based on costs. Judge Baldwin found that Rice has only shown that he disagrees between alternative courses of treatment. Because Judge Baldwin found that Rice's claims fail on the merits, Judge Baldwin did not address Defendants' personal participation or qualified immunity arguments.

This Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

IT IS THEREFORE ORDERED that Magistrate Judge Baldwin's Report and Recommendation (ECF No. 41) is accepted and adopted in full.

It IS FURTHER ORDERED that Defendants' motion for summary judgment, (ECF No. 29), be GRANTED;

IT IS FURTHER ORDERED that the Clerk ENTER JUDGMENT in favor of Defendants and CLOSE this case.

DATED THIS 22nd Day of September 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE